Filed Sept. 27, 1884.

---

No. 11,397.

## TREES v. SHANNON.

PRACTICE.—*Evidence.*—*Harmless Error.*—The refusal to admit further evidence upon a point concerning which there is no real controversy, and which is clearly established, is a harmless error.

From the Rush Circuit Court.

*W. A. Cullen* and *B. L. Smith*, for appellant.

*W. A. Moore, M. D. Tackett* and *B. F. Bennett*, for appellee.

HAMMOND, J.—Suit by appellee against appellant for lumber sold and delivered. The complaint was in two paragraphs; the first upon an express, and the second upon an implied contract. Answer, the general denial; trial by jury; verdict for appellee; motion for new trial overruled, and exceptions; and judgment upon the verdict.

It is claimed that the verdict was not sustained by sufficient evidence, and that there was error in excluding certain evidence offered by the appellant.

The bill of exceptions does not purport to contain all the evidence. The question of its sufficiency to sustain the ver-

dict can not, therefore, be considered.   2 Works Pr., section 1078.

The appellant's theory of the case was that he purchased lumber under a written contract with one McDermott, whom he paid for the same; that the lumber charged for by the appellee in his complaint was, by an arrangement between the appellee and McDermott, delivered to the appellant on said contract with McDermott, and that the appellee should look to McDermott for his pay.  Appellant offered in evidence said contract with McDermott, and also a receipt from the latter showing full payment for the lumber purchased of him.  These,. on appellee's objection, were excluded.   The error, if any, in excluding this evidence, was harmless.   There was parol evidence, abundant, conclusive, and without conflict, which went to the jury without objection, showing the existence of the contract referred to, and that the appellant paid McDermott for all lumber delivered under it.   Upon these points there was no controversy.   The real question before the jury was whether the lumber charged for by the appellee was delivered under the McDermott contract, or upon a separate contract, express or implied, between the appellee and the appellant.   The contract with, and the payment to, McDermott,. being undisputed, further evidence upon these points could have served no good purpose, and its exclusion did no harm. Such excluded evidence could not have thrown any light upon the real question in dispute, namely, whether the appellee's. lumber was or was not delivered under the McDermott contract.   And as to the real question in issue, it can not be considered, for the reason, already stated, that it does not appear that the record contains all the evidence.

We find no error in the record for which the judgment should be reversed.

Affirmed, with costs.

Filed Sept. 25, 1884.